UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**KELLY STEED,**
9117 E. County Road N
Milton, WI 53564

                Plaintiff,

                                    Case No. 20-CV-70

    vs.

**GENERAL MOTORS LIFE AND DISABILITY**
**BENEFITS PROGRAM FOR HOURLY EMPLOYEES,**
General Motors, LLC
300 Renaissance Center
Mail Code 482-C11-A68
Detroit, MI 48265


**GENERAL MOTORS, LLC,**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

and

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

                Defendants.

---

## COMPLAINT

---

       The Plaintiff, Kelly Steed, by Hawks Quindel, S.C., for his complaint against

the above-named Defendants, hereby states as follows:

## PARTIES

1.     Plaintiff is an adult resident of the State of Wisconsin and currently resides in Milton, Wisconsin.

2.     Defendant, General Motors Life and Disability Benefits Program for Hourly Employees ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, and has been in effect since at least January 1, 2017 and continues to the present time.

3.     Defendant, General Motors, LLC ("GM"), on information and belief, is a corporation organized under the laws of the State of Delaware, licensed to do business in Wisconsin. GM is the Plan sponsor.

4.     Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), on information and belief, is a corporation organized under the laws of the State of Illinois, licensed to do business in Wisconsin. On further information and belief, Sedgwick administers claims under the Plan.

## JURISDICTION & VENUE

5.     As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6.     Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7.     Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) because the breach asserted herein took place in this district and because Defendants conduct business within this district.

8.     Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9.     Plaintiff is a former Team Lead for General Motors, LLC.

10.     During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including Sickness and Accident Benefits and Extended Disability Benefits provided by the Plan.

11.     Plaintiff ceased working on February 1, 2017 due to chronic shoulder and neck pain.

12.     Sedgwick was responsible for determining whether Plaintiff was eligible for Extended Disability Benefits.

13.     GM was responsible for paying Plaintiff's Extended Disability Benefits.

14.     Defendants approved Plaintiff's claim for Sickness and Accident Benefits from February 1, 2017 through February 6, 2018.

15.     Defendants further approved Plaintiff's claim for Extended Disability Benefits from February 7, 2018 until July 1, 2018.

16.     Plaintiff's Extended Disability Benefits benefit are worth $2,975 per month.

17.    Defendants denied Plaintiff's Extended Disability Benefits claim beyond July 1, 2018 on the basis that allegedly Plaintiff had been released to work, with restrictions.  As of July 2, 2018, the GM facility where Plaintiff worked was closed for a temporary shutdown.

18.    Plaintiff was unable to return to work as of July 2, 2018 due to his disability and that his place of employment was closed.

19.    Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

20.    Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

21.    Included with Plaintiff's appeal was a medical certification from Dr. Veronica Rejon confirming that Plaintiff remained unable to work for medical reasons.

22.    Plaintiff submitted all information requested by the Defendants.

23.    Defendants failed to consider the issues raised in Plaintiff's appeal.

24.    Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

25.    Defendants failed to consider relevant factors in Plaintiff's claim, including that Plaintiff never recovered from his disability nor was he able to return to work on July 2, 2018. Defendants did not perform a "full and fair review" of Plaintiff's claim.

26.    Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

27.    Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

28.    Defendants failed to engage in a meaningful dialogue with Plaintiff.

29.    Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

30.    Defendants conducted a selective review of Plaintiff's medical records.

31.    Defendants failed to adequately assess Plaintiff's employability at the plant where Plaintiff had seniority before determining that Plaintiff no longer qualified for benefits.

32.    At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

33.    At all times material to this case, the Plan has remained in full force and effect.

34.    Defendants' denial of Plaintiff's claim for Extended Disability Benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

35.    The preceding paragraphs are reincorporated by reference as though set forth here in full.

36.     Plaintiff has been and remains disabled, as that term is defined by the Plan.

37.     Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

38.     Defendants wrongfully denied Extended Disability Benefits due to Plaintiff.

39.     Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

40.     Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

41.     Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

42.     Defendants' denial of Plaintiff's Extended Disability Benefits was "downright unreasonable."

43.     For these and other reasons, Defendants wrongfully denied Plaintiff's claim for Extended Disability Benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Kelly Steed, demands judgment from the Defendants for the following:

A.     Payment of all retroactive Extended Disability Benefits owed to Plaintiff under the terms and conditions of the Plan;

B.     A declaration of Plaintiff's continued eligibility for all Extended Disability Benefits available under the Plan;

C.     Prejudgment interest;

D.     Reasonable attorney's fees and costs related to the action; and

E.     Such other and further relief that the Court deems just and equitable.


Dated: this 24th day of January, 2020.


HAWKS QUINDEL, S.C.


By: _/s/ Danielle M. Schroder_____
      Danielle M. Schroder, State Bar No. 1079870
      Email: dschroder@hq-law.com
      Jessa L. Victor, State Bar No. 1099144
      Email: jvictor@hq-law.com
      409 East Main Street
      P.O. Box 2155
      Madison, Wisconsin 53701-2155
      Telephone: 608/257-0040
      Facsimile: 608/256-0236

      Attorneys for Plaintiff, Kelly Steed